# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE BLAKE,**

      **Petitioner,**

**v.**                                            **Civil Action No. 5:08cv10**
                                                          **(Judge Stamp)**

**TERESA WAID, Warden,**

      **Respondent.**

## ORDER GRANTING IFP BUT DIRECTING
## PETITIONER TO PAY THE $5.00 FILING FEE

On January 3, 2008, the *pro se* petitioner initiated this case in the United States District Court for the Southern District of West Virginia by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The case was transferred to this Court on January 11, 2008. This case is before the undersigned on the petitioner's Motion to Proceed In Forma Pauperis ("IFP") and Prisoner Trust Report.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of IFP status pursuant to 28 U.S.C. § 1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request.

In this case, the petitioner asserts in his affidavit that he is not employed, that he has no assets, and that he does not receive monetary gifts from outside sources. However, the ledger sheets to the petitioner's inmate account show that he is employed by the institution at which he is confined and that he occasionally receives monetary gifts from outside sources. In fact, the petitioner's

ledger sheets show that during the six months preceding the filing of this action, the petitioner's inmate account received average monthly deposits of $80.83 and that at the time this action was filed, his account had a balance of $423.21.

Accordingly, although the Court finds that the petitioner is a pauper and **GRANTS** his IFP motion (dckt. 1), because the petitioner earns and receives sufficient funds to pay the $5.00 filing fee, he will be required to pay that fee within **twenty (20) days** from the date of this Order. The failure to do so could result in the dismissal of this case without further notice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner.

DATED: January 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE