**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**EUGENE BLAKE,**

        **Petitioner**,

**v.**                                                 **Civil Action No. 5:08cv10**
                                                          **(Judge Stamp)**

**TERESA WAID, Warden,**

        **Respondent.**

## ORDER DENYING APPOINTMENT OF COUNSEL

This case is before the Court on the *pro se* petitioner's Application and Motion for Appointment of Counsel. In the motion, the petitioner asserts, *inter alia*, that he is indigent, that the issues in this case are complex, that he is mentally disabled, and that he does not have the knowledge or expertise to defend this action.[1]

The authority for the Court to appoint counsel in a § 2254 action is discretionary; there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). A court may appoint counsel to a financially eligible person if justice so requires in a § 2254 action. See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006(A). The appointment of counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A), is only required under § 2254 when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United States District Courts.

---

[1] The petitioner is not a capital defendant as he so claims and does not have a statutory right to counsel. According to the petition, the petitioner was sentence to life with mercy.

Upon a review of the file, the undersigned has concluded that the petitioner has failed to show circumstances which demonstrate the need for the appointment of counsel.[2] Moreover, the need for discovery or an evidentiary hearing is not readily apparent at this time. Accordingly, the petitioner's motion for appointed counsel (dckt. 12) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner and to transmit a copy to counsel of record electronically.

DATED: March 10, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] The petitioner asserts mental incapacity based simply on his age (63), and the fact that he has been incarcerated since 1985. Neither of these allegations, however, establishes a mental incapacity.