```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

EUGENE BLAKE,

    Petitioner,

v.                                       Civil Action No. 5:08CV10
                                                             (STAMP)
DAVID BALLARD,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[2] petitioner, Eugene Blake, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254, asserting several grounds for relief. The motion was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Thereafter, the respondent filed a motion for summary judgment, and the petitioner filed a motion to dismiss the respondent's motion for summary judgment. The petitioner also filed a motion for a temporary restraining order. Following review of the motion, Magistrate Judge Kaull submitted a

---

[1] The petitioner named Teresa Waid, Warden of the Huttonsville Correctional Center, as the respondent in his original petition. On April 24, 2008, the magistrate judge entered an order granting the petitioner's motion to substitute parties because of the petitioner's transfer to the Mount Olive Correctional Complex. Accordingly, David Ballard, Warden of Mount Olive Correctional Complex, is the proper party respondent in this action.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

report and recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Facts

A. The Petitioner's Conviction and Sentence

The petitioner was convicted in Ohio County, West Virginia, in 1985 on one conviction for first degree murder and two convictions for third degree sexual assault. The court imposed a sentence of life without mercy for the conviction of first degree murder, but the conviction was later set aside by the West Virginia Supreme Court of Appeals.

Thereafter, on remand to the Circuit Court, the petitioner pleaded guilty to both first degree murder and an information charging him with Abduction with Intent to Defile and Assault During the Commission of a Felony. In a plea agreement, the petitioner agreed to several waivers, including a waiver to any double jeopardy claim concerning the abduction and assault charges, a waiver as to any right to credit for time served prior to the reversal of his original conviction and sentence, and a waiver of his right to attack his judgment of conviction either on direct appeal, collateral review, or through any motion for a reduction of sentence. The government, in exchange, made a binding agreement as to the petitioner's sentencing. Upon a plea of guilty to murder, the petitioner would be sentenced to life with mercy, making him

2

eligible for parole after ten years of service. As to the abduction and assault charges, the government agreed that the petitioner would serve a minimum total term of fifteen years prior to becoming eligible for parole. On April 28, 1997, the petitioner was sentenced to life with mercy for his murder conviction, three to ten years for his abduction conviction, and two to ten years for his assault conviction. All sentences were to be served consecutively, with the petitioner receiving credit for time served beginning on October 11, 1996.

B.   The Petitioner's Previous Post Conviction Relief

On September 25, 2001, the petitioner filed a motion for post conviction relief in state court. The motion was subsequently denied on October 31, 2001. The petitioner then filed a second motion for post conviction relief in state court on June 8, 2008, that was later found to be premature. On September 20, 2005, the petitioner was resentenced so that he could preserve his right to file a direct appeal. The state court then entered an order consolidating several orders filed in the petitioner's case on July 19, 2006.[3]

---

[3]The state court consolidated the following orders: a March 13, 2006 order denying the petitioner's motion to withdraw his guilty pleas and amended motion to withdraw guilty pleas; an April 28, 2006 order regarding the petitioner's resentencing hearing held on September 20, 2005, and resentencing the petitioner to the same sentence for purposes of filing a timely appeal; and a June 15, 2006 order denying the petitioner's motion to vacate his guilty pleas.

3

On November 29, 2006, the petitioner filed a direct appeal of his resentencing, which the West Virginia Supreme Court of Appeals refused. The United States Supreme Court refused the petitioner's writ of certiorari on May 21, 2007.

C.  The Petitioner's § 2254 Petition

The petitioner's § 2254 petition asserts five separate grounds for relief, which are generally as follows:

> a)  Ground One: The petitioner alleges that he has a constitutional right for all custody jail credit that he was physically incarcerated for the time he served under his original sentence during the pendency of the appeal and while he was incarcerated at the West Virginia State Penitentiary.
>
> b)  Ground Two: The petitioner alleges that the State of West Virginia violated the double jeopardy principle under the Fifth Amendment by denying the petitioner custody jail credit for time served and requiring him to serve the same time twice.
>
> c)  Ground Three: The petitioner alleges that the West Virginia State Supreme Court incorrectly considered the totality of the circumstances surrounding the plea agreement, and that such plea agreement violates the Fifth Amendment principles of double jeopardy by requiring the petitioner to waive ten years of custody jail credit and serve the same time twice, as well as altering his date of parole eligibility.
>
> d)  Ground Four: The petitioner alleges that the remedy for an illegal plea bargain is to permit the petitioner to withdraw and to stand trial.
>
> e)  Ground Five: The petitioner alleges that the plea agreement was tainted by "vindictiveness" on the part of the State.

D.  The Respondent's Motion for Summary Judgment

On May 9, 2008, the respondent filed a motion for summary judgment asserting that no genuine issues of material facts remain,

4

and therefore, requesting judgment as a matter of law.  In this motion, the respondent specifically asserts that the petitioner has failed to demonstrate that he is entitled to any relief because he cannot overcome the valid waiver in his plea agreement, and his claims are otherwise not meritorious.

The petitioner filed a response in which he contends that his waiver of his constitutional rights was invalid because it was not willing, voluntary, knowing, or intelligent.  The petitioner asserts that he was mentally incompetent at the time he entered his plea of guilty and that he was advised by incompetent counsel. Furthermore, the petitioner claims that his sentence was vindictive, that he is innocent of the crime for which he was convicted, and that Rule 11(b) of the Federal Rules of Criminal Procedure was violated during his plea hearing.

The respondent filed a reply to this motion for summary judgment, in which it contends the following: (1) the petitioner's claims of mental incompetency, ineffective assistance of counsel, and actual innocence are unexhausted, procedurally barred, and nevertheless, refuted by the record; (2) a claim of innocence is not cognizable in a federal habeas proceeding; and (3) Rule 11 of the Federal Rules of Criminal Procedure has no bearing on a state court proceeding, and the petitioner's plea hearing was governed by state law which is also not cognizable on federal habeas review.

E.   The Petitioner's Motion for Temporary Restraining Order

On June 2, 2008, the petitioner filed a motion for a temporary restraining order directing the respondent to reinstall 3.5 floppy disk drives back into the computers at the Mount Olive Correctional Complex.  Particularly, the petitioner asserts that the respondent ordered two staff members to remove the 3.5 floppy disk drives in the computers located in the law library of the institution. Because the petitioner can only store his legal documents on a 3.5 floppy diskette, the petitioner asserts that he will not be able to meet court deadlines due to this disabling of the computers, causing his case to be dismissed.

Additionally, the petitioner claims that due to overcrowding issues, the petitioner is being forced to double cell in holding cells designed only to house one inmate.

F.   The Petitioner's Motion to Dismiss the Respondent's Motion for Summary Judgment

On August 1, 2008, the petitioner filed a motion to dismiss the respondent's motion for summary judgment, first asserting that he is entitled to judgment as a matter of law because his case "demonstrates a compelling set of circumstance warranting a formal reassessment" of his mental capacity, and then asserting that this matter "is not rife for summary dismissal."

III.   Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

6

recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

### A. Grounds One Through Four

In this case, the magistrate judge recognized that although the petitioner is asserting five separate grounds for relief, Grounds One through Four of the petition center around the petitioner's single contention that the plea agreement improperly waived his double jeopardy rights and should be withdrawn because such an improper waiver makes the agreement invalid on its face. After a thorough review of the information and exchanges during the petitioner's plea hearing, the magistrate judge found that the state court's adjudication of Grounds One through Four of the petition was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and did not result in a decision based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Specifically, the magistrate judge held that the petitioner knowingly, voluntarily, and intelligently made a waiver of his double jeopardy rights in his plea agreement. See, e.g. United States v. Mezzanatto, 513 U.S. 196, 201 (1995) (a defendant may waive any right so long as the waiver is knowing and voluntary); Brady v. United States, 397 U.S. 742, 748 (1970) (the waiver of a constitutional right must be knowing and voluntary). Because the plea agreement contained several constitutional waivers, the court conducted a complete plea hearing to insure that the petitioner understood the terms, the extent, and the consequences of the plea agreement to which he was entering. Magistrate Judge Kaull recognized that the court reviewed each of the petitioner's various rights with him and retained a confirmation from the petitioner that he understood the rights that he was giving up by pleading guilty and entering into the plea agreement. Further, the court reiterated to the petitioner that he was giving up his double jeopardy rights as it pertained to the issue of credit for time served and the government's ability to bring charges that were not part of his original criminal prosecution. Again, the magistrate judge found that the petitioner stated that he understood and accepted these terms of his plea agreement.

The magistrate judge was not convinced by the petitioner's arguments in his response to the respondent's motion for summary judgment that he was mentally incompetent and advised by incompetent counsel. Rather, the magistrate judge found that the

petitioner made sworn statements at his plea hearing providing just the opposite, that the petitioner was not confused at the plea hearing, and that he knew exactly what he was doing when entering his guilty plea. Magistrate Judge Kaull also found that the petitioner's claim of his actual innocence lacked merit because not only were these claims not cognizable under federal habeas review absent particular circumstances, but the petitioner admitted under oath that he was guilty to the charges filed against him.

Accordingly, recognizing that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy," <u>Fields v. Attorney Gen. of Maryland</u>, 956 F.2d 1290, 1299 (4th Cir. 1996), and that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements," <u>United States v. Lemaster</u>, 403 F.3d 216, 222 (4th Cir. 2005), the magistrate judge recommended to this Court that Grounds One through Four of the petitioner's § 2254 petition be denied.

B. <u>Ground Five</u>

Similarly, the magistrate judge recommended that this Court find that Ground Five of the petition also lacks merit. The petitioner claims that the sentence imposed on him and the additional charges brought by the State were in retaliation of his

9

successful appeal. Nevertheless, the magistrate judge found that even if this argument was not already barred by the petitioner's valid waiver of his right to appeal or collaterally attack his conviction and sentence, that this argument failed for two important reasons. First, the magistrate judge recognized that the petitioner received a lesser sentence in his second sentence than at his first. While the petitioner's first trial resulted in a sentence of life without mercy, his second sentence provided for the possibility of parole. Second, the record clearly establishes that the petitioner knowingly and voluntarily consented to these additional charges in an attempt to create a plea agreement and sentence acceptable to all parties. The magistrate judge acknowledged that vindictiveness may be presumed when additional charges are brought after a successful appeal, <u>Blackledge v. Perry</u>, 417 U.S. 21, 27-29 (1974), but that such a presumption may be rebutted by information in the record. <u>United States v. Goodwin</u>, 457 U.S. 368, 374 (1982). Thus, because the petitioner received a favorable sentence compared to the one he originally received, the magistrate judge found that the additional charges were not vindictive and that Ground Four of the petitioner's § 2254 petition should be denied.

C.  <u>The Petitioner's Motion for Temporary Restraining Order</u>

In regard to the petitioner's motion for a temporary restraining order, the magistrate judge stated that the petitioner's claim of harm has not yet come to fruition because the

petitioner has not missed any deadlines in this case, and his case has not been dismissed based on these grounds. Furthermore, the petitioner requested no specific relief or specific harm flowing from his claims of double celling. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"). Accordingly, the magistrate judge recommended that the petitioner's motion for a temporary restraining order be denied.

Following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the petitioner's § 2254 petition, the respondent's motion for summary judgment, the petitioner's motion to dismiss the respondent's motion for summary judgment, and the petitioner's motion for a temporary restraining order be affirmed and adopted.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set

11

forth above, the respondent's motion for summary judgment is GRANTED, and the petitioner's motion to dismiss the respondent's motion for summary judgment is DENIED.  Furthermore, the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE.  Finally, the petitioner's motion for a temporary restraining order is DENIED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 5, 2008

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE