IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EUGENE BLAKE,

    Petitioner,

v.                                  Civil Action No. 5:08CV10
                                         (STAMP)

DAVID BALLARD,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER
OVERRULING PETITIONER'S OBJECTION TO
ORDER DENYING APPOINTMENT OF COUNSEL**

I. Background

The pro se[2] petitioner, Eugene Blake, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254, asserting several grounds for relief. On March 6, 2008, the petitioner filed a motion for the appointment of counsel. Thereafter, United States Magistrate Judge John S. Kaull entered an order denying the petitioner's motion for appointment of counsel. Currently before this Court is petitioner's objection to the magistrate judge's order denying the motion for appointment of

---

    [1]The petitioner named Teresa Waid, Warden of the Huttonsville Correctional Center, as the respondent in his original § 2254 petition. On April 24, 2008, the magistrate judge entered an order granting the petitioner's motion to substitute parties because of the petitioner's transfer to the Mount Olive Correctional Complex. Accordingly, David Ballard, Warden of Mount Olive Correctional Complex, is the proper party respondent in this action.

    [2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

counsel.[3]  For the reasons set forth below, this Court overrules the petitioner's objections and affirms the order of the magistrate judge.

## II. Discussion

A district court may appoint counsel to a petitioner in a § 2254 action if justice so requires.  See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006(A).  This authority to appoint counsel, however, is discretionary, and there is no Constitutional right to have appointed counsel in a post-conviction proceeding.  Pennsylvania v. Finley, 481 U.S. 551 (1987).  Furthermore, Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United State District Courts have limited a district court's discretion, providing that the appointment of counsel for a petitioner qualified under 18 U.S.C. § 3006(A) is only required for a § 2254 petition when such an appointment is necessary for the discovery procedures and when an evidentiary hearing is required.

In his objections, the petitioner seeks the appointment of counsel on the grounds that the case involves complex legal issues,

---

[3]This Court entered a memorandum opinion and order on November 5, 2008, affirming the report and recommendation of the magistrate judge denying and dismissing with prejudice the petitioner's § 2254 petition.  That memorandum opinion and order did not discuss the petitioner's objections to the magistrate judge's order denying appointment of counsel.  Despite that memorandum opinion and order, because the petitioner's objection to the magistrate judge's order denying appointment of counsel was properly before this Court before that opinion was entered, this Court finds it necessary to consider and decide whether the petitioner's objection has merit.

the petitioner is mentally and/or physically disabled,[4] and the petitioner cannot sufficiently investigate the issues in his case. For the purposes of this motion, this Court will accept the petitioner's contentions as true. Nevertheless, while this Court sympathizes with the petitioner's difficulties, the petitioner's case does not meet the threshold to allow this Court to appoint counsel on his behalf. The petitioner has neither demonstrated exceptional circumstances nor shown a need for discovery or an evidentiary hearing. Accordingly, the petitioner's motion for counsel must be denied, and the petitioner's objection is overruled.

### III. Conclusion

For the above stated reasons, the petitioner's objection to the magistrate judge's order denying appointment of counsel is OVERRULED, and the magistrate judge's order is AFFIRMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein.

---

[4] The petitioner claims that he is mentally and/or physically disabled because he is 63 years old and has been incarcerated for approximately 23 years.

DATED: November 12, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE